IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:11-cv-827 |
| TEXAS DEPARTMENT OF RURAL AFFAIRS, | § § § | COMPLAINT JURY TRIAL DEMAND |
| Defendant. | § § | |

## NATURE OF THE ACTION

This is an action under the Equal Pay Act of 1963 to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex, and to collect back wages due to employees as a result of such unlawful payments. As alleged with greater particularity in paragraph eight (8) below, Plaintiff, Equal Employment Opportunity Commission (the "Commission") alleges that Defendant, Texas Department of Rural Affairs ("TDRA"), paid Monica Bosquez wages which were less than wages paid to comparable male employees who performed the same or substantially equal work.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d).

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas, Austin Division.

## PARTIES

3.     Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of the Equal Pay Act and is expressly authorized to bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.     At all relevant times, Defendant TDRA, has continuously been an Agency or Instrumentality of the State of Texas doing business in the City of Austin.

5.     At all relevant times, Defendant TDRA, has continuously been a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. § 203(x).

6.     At all relevant times, Defendant TDRA, has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7.     At all relevant times, Defendant TDRA, has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j), or has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), in that said enterprise has continuously been an activity of a public agency.

**STATEMENT OF CLAIMS**

8.     Since at least January 1, 2009, Defendant TDRA, violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying lower wages to a female Program Specialists in its former "Disaster Division," than it paid to the male employees in the same division for substantially equal work, the performance of which required equal skill, effort, and responsibility, and which were performed under similar working conditions.

9.     As a result of the acts complained of above, Defendant TDRA, unlawfully withheld the payment of wages due to Monica Bosquez.

10.    The unlawful employment practices complained of above in paragraph eight (8) were willful.

**PRAYER FOR RELIEF**

Wherefore, the Commission requests that this Court:

A.     Grant a permanent injunction enjoining Defendant TDRA, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from paying wages to employees of one sex at rates less than the rates at which they pay wages to employees of the opposite sex for substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions;

B.     Order Defendant TDRA, to institute and carry out policies, practices, and programs, which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices;

C.     Grant a judgment requiring Defendant TDRA, to pay appropriate back wages in amounts to be determined at trial, an equal sum as liquidated damages, or prejudgment interest in

lieu thereof, to Monica Bosquez whose wages were unlawfully withheld as a result of the acts complained of above;

    D.    Grant such further relief as this Court deems necessary and proper in the public interest; and

    E.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

    Respectfully submitted,

    P. DAVID LOPEZ
    General Counsel

    JAMES L. LEE
    Deputy General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel


    /s/ Robert A. Canino by permission
    Patrick M. Connor
    _____
    ROBERT A. CANINO
    Regional Attorney
    Oklahoma State Bar No. 011782


    /s/ Judith G. Taylor by permission
    Patrick M. Connor
    _____
    JUDITH G. TAYLOR
    Supervisory Trial Attorney
    Texas State Bar No. 19708300
    E-mail: judith.taylor@eeoc.gov

/s/ Patrick M. Connor

_____
PATRICK M. CONNOR
Trial Attorney
Texas State Bar No. 24076165
E-mail:  patrick.connor@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
San Antonio Field Office
5410 Fredericksburg Road, Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7636
Facsimile: (210) 281-7669

**ATTORNEYS FOR PLAINTIFF**