IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br>    *Plaintiff*, <br><br> v. <br><br> TEXAS DEPARTMENT OF RURAL AFFAIRS, <br>    *Defendant*. | § § § § § § § § § § | Civ. Action No. 1:11-cv-827-LY |

## DEFENDANT'S MOTION TO DISMISS

TO THE HONORABLE LEE YEAKEL:

Defendant Texas Department of Rural Affairs ("TDRA"), by and through its undersigned attorney, files this Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and respectfully shows the Court as follows:

## I. INTRODUCTION

This is an Equal Pay Act case asserted by the Equal Opportunity Employment Commission ("EEOC") against the TDRA pertaining to a single former employee of the TDRA, Monica Bosquez. The EEOC asserts that the TDRA paid Ms. Bosquez lower wages "than it paid to the male employees in the same division for substantially equal work" in violation of the Equal Pay Act ("EPA"), 29 U.S.C. §§ 206(d)(1) and 215(a)(2).[1] The EEOC seeks back wages and liquidated damages for Ms. Bosquez, as well as injunctive relief against the TDRA to enjoin

---

[1] Compl. ¶ 8.

*Motion to Dismiss*   1

allegedly discriminatory compensation practices and to order the TDRA "to institute and carry out policies, procedures, and programs" regarding equal employment opportunities for women.[2]

The EEOC filed its complaint on September 20, 2011, and served the TDRA on September 22, 2011.[3] However, the TDRA no longer exists as of October 1, 2011.

Pursuant Senate Bill 1 of the 82nd Texas Legislature, the TDRA ceased to exist as a separate state agency as of October 1, 2011, and part of its operations was reorganized as the Office of Rural Affairs within the Texas Department of Agriculture.[4] Senate Bill 1 states that "all money, contracts, leases, rights, and obligations of the Texas Department of Rural Affairs are transferred to the Office of Rural Affairs in the Department of Agriculture."[5]

Senate Bill 1 further provides that, "[n]ot withstanding any other provision of this article, the governor retains authority to designate an agency to administer federal disaster recovery funds," which were previously administered by the TDRA.[6] Furthermore, "all money, contracts, leases, rights, and obligations of the Texas Department of Rural Affairs related to the disaster recovery funds are transferred to the designated agency."[7] On June 17, 2011, Governor Perry designated a new state agency to administer federal disaster recovery funds, effective July 1, 2011.[8]

As a result of Senate Bill 1 and the Governor's designation, the TDRA no longer exists as of October 1, 2011. The obligations of the TDRA were transferred to the Department of

---

[2] Compl. at 3-4 (Prayer for Relief).
[3] Dkt. # 1; Dkt. # 5.
[4] 2011 Tex. Sess. Law Serv. 82nd Legis., Ch. 4 (SB 1), Section 62.13.
[5] *Id.*, Section 62.13(a)(4).
[6] *Id.*, Section 62.15.
[7] *Id.*
[8] Exh. 1, Letter from Gov. Perry to HUD Sec. Donovan, dated June 17, 2011.

*Motion to Dismiss* 2

Agriculture, except those obligations "related to disaster recovery funds," which were transferred to the designated agency.

In light of these events, the TDRA moves to dismiss the EEOC's claims on three grounds. First, the EEOC's complaint fails to properly plead a claim under the Equal Pay Act because it fails to identify the male comparators who allegedly were paid more than Ms. Bosquez for substantially equal work. Second, the EEOC has failed to establish standing to seek injunctive relief against the TDRA. Third, the EEOC's claim for injunctive relief has been rendered moot by the dissolution of the TDRA.

## II. ARGUMENT

By this motion, the TDRA moves for dismissal of the EEOC's complaint pursuant to Rule 12(b)(1) for lack of jurisdiction and Rule 12(b)(6) for failure to state a claim. The central issue is the same under either Rule 12(b)(1) or 12(b)(6): "whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (quoting *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n. 8 (5th Cir. 2000)); *see also Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992) (applying 12(b)(6) standard to motions under 12(b)(1)).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the Court must accept the specific factual allegations in the pleadings as true, *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *see also ABC Arbitrage Pls. Group v. Tchuruk*, 291 F.3d 336, 348 (5th

Cir. 2002) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent dismissal under Rule 12(b)(6).").

### A.  The EEOC Fails To Identify The Purported Male Comparators.

Under the EPA, employers are prohibited from discrimination in the payment of wages for equal work on the basis of an employee's gender. 29 U.S.C. § 206(d). "To establish a *prima facie* case under the Equal Pay Act, [a plaintiff] must show: (1) her employer is subject to the Act; (2) she performed work in a position requiring equal skill, effort, and responsibility under similar working conditions; and (3) she was paid less than the employee of the opposite sex providing the basis of comparison." *Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993). Thus, to survive this motion, the EEOC must allege sufficient facts such that its EPA claim is "plausible on its face," and cannot rest on "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555, 570.

Courts in the Fifth Circuit have repeatedly held that for Equal Pay Act claims to be plausible and survive a motion to dismiss, the plaintiffs must identify the specific employees that allegedly received higher wages for performing "equal work" and identify the dates that such employment actions occurred. *See Sherrod v. Prairie View A & M Univ.*, Civ. A. No. H-10-1858, 2011 WL 843936, at *9 (S.D. Tex. Mar. 8, 2011) (dismissing EPA claim for failure to identify male comparators or dates of employment actions); *Trevino-Garcia v. Univ. of Tex. Health Science Ctr.*, Civ. A. No. SA-09-CA-072-XR, 2009 WL 5195962, at *3 (W.D. Tex. Dec. 21, 2009) ("Plaintiff points to no male employee to whom she was similarly situated who was paid more than she was for the same work."); *Carey v. State of La.*, Civ. A. No. 00-2657, 2001 WL 1548962, at *7 (E.D. La. Dec. 5, 2001) (requiring plaintiff to replead to identify specific comparators and dates of employment actions).

The EEOC has failed to do so here. Rather, the EEOC generally alleges that the TDRA paid Ms. Bosquez lower wages than unidentified male employees.[9] The EEOC does not identify a single male employee who allegedly received higher wages for equal work. Nor does the EEOC identify when these allegedly discriminatory employment decisions took place. Rather, it merely asserts that such actions have been taking place "[s]ince at least January 1, 2009."[10] Similarly, the EEOC conclusorily alleges that the TDRA's employment practices with regard to Ms. Bosquez were "willful."[11] However, there is not a single fact in the complaint supporting this allegation, and certainly not enough facts to suggest any plausibility to the willfulness allegation.

In short, the EEOC's complaint is nothing more "a formulaic recitation of the elements of a cause of action," which is insufficient to survive a motion to dismiss. *Twombly*, 550 U.S. at 555.

### B. The EEOC Lacks Standing To Seek Injunctive Relief.

In addition, the EEOC lacks standing to seek injunctive relief. "Article III of the Constitution confines the federal courts to deciding actual cases and controversies. The rule that litigants must have standing to invoke the power of the federal courts is perhaps the most important doctrine stemming from the case or controversy requirement." *Society of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1285 (5th Cir. 1992) (citing *Allen v. Wright*, 468 U.S. 737 (1984)). Furthermore, "[t]he party invoking federal jurisdiction bears the burden of establishing" standing to seek the relief requested. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Thus, a claim for injunctive relief must have its own Article III footing, separate

---

[9] Compl. ¶ 8.
[10] Compl. ¶ 8.
[11] Compl. ¶ 10.

from the past injury that supports claims for retrospective relief. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–110 (1983). To establish standing to seek injunctive relief, the plaintiff must "establish a real and immediate threat that he w[ill] again" suffer similar injury in the future. *Id.* at 105. "Absent such a showing, there is no case or controversy regarding prospective relief, and thus no basis in Article III for the court's power to issue an injunction." *In re Stewart*, 647 F.3d 553, 557 (5th Cir. 2011).

Here, the EEOC does not allege any facts suggesting that there is any "real and immediate threat" that either Ms. Bosquez or any other TDRA employee will suffer any injury related to discriminatory compensation practices. In fact, the only factual allegations in the complaint pertain solely to past practices and say nothing of the current employment practices of the TDRA nor allege any likelihood of future injury to its employees.[12] The Fifth Circuit has repeatedly upheld dismissal of such claims seeking injunctive relief where the plaintiff failed to allege any immediate threat of harm. *See, e.g., Ruiz v. U.S.*, 160 F.3d 273, 275 (5th Cir. 1998) ("The district court properly dismissed Ruiz's claims for injunctive relief … because Ruiz failed to 'demonstrate either continuing harm or a real and immediate threat of repeated injury in the future.'"); *Society of Separationists*, 959 F.2d at 1287 ("There is nothing to indicate, and we decline to presume, that Judge Herman will fail to take cognizance of applicable constitutional principles in future proceedings.").

In short, the EEOC has failed to allege the necessary threat of immediate harm to establish standing to seek injunctive relief against the TDRA. This Court, therefore, lacks jurisdiction to hear the EEOC's claim for injunctive relief.

---

[12] Compl. ¶ 8-10.

### C. The EEOC's Claim For Injunctive Relief Is Moot.

In addition, the EEOC's claim for injunctive relief is moot following the dissolution of the TDRA and the transfer of its responsibilities and functions to other state agencies. A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982). "The test of mootness in a case asking for injunctive relief is whether the injury is continuing or is likely to be repeated." *Sw. Bell Tele. Co. v. Comm. Workers of Am., AFL-CIO*, 454 F.2d 1333, 1334 (5th Cir. 1971). Claims based on some remote possibility of future harm are "too speculative to warrant relief." *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001).

Thus, a claim for injunctive relief based on conditions of employment is rendered moot once the employer no longer has employees and there is no possibility of future harm. *See Danos v. Jones*, --- F.3d ---, 2011 WL 3795168, at *5 (5th Cir. 2011) (dismissing judge's secretary's claim for reinstatement as moot following disciplinary order precluding judge from employing staff); *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Because Wallace did not seek reinstatement, there is not a reasonable likelihood that he would again be subjected to the allegedly unconstitutional actions. Thus, this issue is moot."); *Wojewski v. Rapid City Regional Hosp., Inc.*, 450 F.3d 338, 342 (8th Cir. 2006) (dismissing as moot a physician's employment claim for injunctive relief against a hospital after physician died).

As described above, the TDRA was dissolved as of October 1, 2011, and its operations were transferred.[13] Thus, there is no immediate threat of any harm to Ms. Bosquez or any other state employee based on the policies and procedures of the TDRA.

---

[13] 2011 Tex. Sess. Law Serv. 82nd Legis., Ch. 4 (SB 1), Sections 62.13, 62.15.

This case is analogous to cases involving prisoners who have been transferred to a new facility and who seek injunctive relief regarding the conditions of confinement at the prior facility. In those cases, the Fifth Circuit has repeatedly held that the prisoner's transfer renders his claim for injunctive relief moot. *See, e.g., Oliver v. Scott,* 276 F.3d 736, 741-42 (5th Cir. 2002) ("The transfer of a prisoner out of an institution often will render his claims for injunctive relief moot."); *Herman*, 238 F.3d at 665 ("Herman's transfer from the ECDC to the Dixon Correctional Institute in Jackson, Louisiana, rendered his claims for declaratory and injunctive relief moot."); *Smith v. City of Tupelo, Miss.*, 281 Fed.Appx. 279, 282-83 (5th Cir. 2008) ("A claim for declaratory and injunctive relief based on conditions of confinement is rendered moot upon the prisoner's release or transfer from the facility."). Similarly, the transfer of TDRA employees to new agencies renders the EEOC's claim for injunctive relief moot.

To summarize, the EEOC's complaint fails on a number of counts. First, it fails to plead a plausible EPA claim because it does not identify any male comparators who alleged received higher wages than Ms. Bosquez. Second, the EEOC lacks standing to bring a claim for injunctive relief, because there are no allegations of any threat of immediate harm justifying injunctive relief. Third, the EEOC's claim for injunctive relief should be dismissed as moot following the dissolution of the TDRA.

### III. CONCLUSION

For the foregoing reasons, the Texas Department of Rural Affairs respectfully requests that this Court grant this Motion to Dismiss and dismiss the EEOC's claims.

Dated: October 13, 2011                                             Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

BILL COBB
Deputy Attorney General for Civil Litigation

DAVID C. MATTAX
Director of Defense Litigation

ROBERT B. O'KEEFE
Chief, General Litigation Division


/s/ Darren G. Gibson
**DARREN G. GIBSON**
Texas Bar No. 24068846
Assistant Attorney General
Office of the Attorney General
General Litigation Division -019
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX

***ATTORNEYS FOR THE TEXAS DEPARTMENT OF RURAL AFFAIRS***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent *via the Court's Electronic Notification System*, on October 13, 2011, to:

Patrick M. Connor
Robert A. Canino
Judith G. Taylor
Equal Employment Opportunity Commission
San Antonio Field Office
5410 Fredericksburg Rd., Suite 200
San Antonio, Texas 78229-3555
*Attorney for Plaintiff*

/s/ Darren G. Gibson
DARREN G. GIBSON
Assistant Attorney General