IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:11-cv-827-LY |
| TEXAS DEPARTMENT OF RURAL AFFAIRS, | § § § § | |
| Defendant. | § | |

### PLAINTIFF EEOC'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

The complaint filed in this case brought under the Equal Pay Act of 1963 ("EPA") by the Plaintiff, Equal Employment Opportunity Commission ("EEOC"), is sufficiently pled under Supreme Court precedent, applicable Fifth Circuit law and the Federal Rules. The EEOC, as Plaintiff, serving the public interest, has standing to seek injunctive relief. The EEOC submits this response to Defendant's Federal Rule of Civil Procedure 12 motion to dismiss but because Defendant has introduced other factual allegations at page 2 of its motion and thereafter, pursuant to FED. R. CIV. P. 12(d), it may be necessary for the Court to consider this as a motion for summary judgment under FED. R. CIV. P. 56.

**I.  FED. R. CIV. P. 8(a) Requires Only a "short and plain statement of the claim showing that plaintiff is entitled to relief."**

Motions to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6) are viewed with disfavor and are rarely granted. *See e.g., Lowrey v. Texas A & M University System*, 117 F.3d 242, 247 (5th Cir. 1997); *Boyd v. Dallas Indep. School Dist.*, 2009 WL 159243 (N.D. Tex. 2009). A party must provide: "(1) a short and plain statement of the grounds upon which the

court's jurisdiction depends…, (2) a short and plain statement of the claim showing that Plaintiff is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). These requirements ensure that the complaint "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) (a Title VII and ADEA case where Justice Thomas spoke on behalf of a unanimous Court). "The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim." *Id.* at 514. This simplified pleading standard is not unfair to the Defendant because,

> The provisions for discovery are so flexible and the provisions for pretrial procedure and summary judgment so effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for the inspection of the court.

*Id.* at 512-13.

In Defendant's cases, *Bell Atlantic Corp. v. Twombly*[1] and *Iqbal v. Ashcroft,*[2] the Court did not change the standard articulated by the Court in *Swierkiewicz*. *Twombly*, a case involving internet subscribers, specifically distinguished *Swierkiewicz*, where the Court "simply re-emphasized" that a "heightened pleading standard for Title VII cases was contrary to the Federal Rules' structure of liberal pleading requirements." The Court's decision in *Iqbal v. Ashcroft*, 129 S. Ct. 1937 (2009) (a *Bivens* action claiming the FBI targeted Muslims for arrest and detention after 9/11), followed and reiterated the *Twombly* Court's rejection of a heightened pleading standard and its rejection of requiring a plaintiff to articulate the elements of the *prima facie* claim in its pleading. *Iqbal*, 129 S. Ct. at 1949-50. The Court in *Iqbal* stated that a claim is "plausible" when "the plaintiff pleads factual content that allows the court to draw the reasonable

---
[1] 127 S. Ct. 1955 (2007)
[2] 129 S. Ct. 1937 (2009)

inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

At least one Circuit Court has acknowledged that "the most difficult question in interpreting *Twombly* is what the Court means by 'plausibility.'"[3] *Robbins v. State of Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). The Tenth Circuit articulated its understanding of *Twombly*'s pleading standard when it stated:

> [P]lausibility in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'

*Robbins*, 519 F. 3d at 1247 (citing *Twombly*, 127 S. Ct. at 1974). According to the Fifth Circuit, *Twombly*'s "plausibility" standard "simply calls for enough facts to raise a reasonable expectation that *discovery* will reveal evidence of the necessary claims or elements." (emphasis added). *In re So. Scrap Material Co.*, 541 F. 3d 584, 587 (5th Cir. 2009). A plaintiff is not required at the pleading stage to include specific facts establishing a prima facie case of discrimination to defeat a FED. R. CIV. P. 12(b)(6) motion. *EEOC v. SDI of Grapevine Texas*, 2009 WL 1469779 at *2 (N.D. Tex. 2009).

Taking all of these cases into consideration, it is clear that the EEOC's Complaint easily complies with FED. R. CIV. P. 8(a) and applicable Supreme Court and Fifth Circuit precedent. Plaintiff alleges that that it brings this action under the EPA to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex, and to collect back wages as a result of such unlawful payments. Paragraph 8 states that, since at least January 1, 2009, when Defendant Texas Department of Rural Affairs created the "Disaster Recovery Division," it violated the EPA by paying lower wages to female Program Specialists

---

[3] Given this ambiguity, within a little more than a year after *Twombly* was decided, the thirteen circuits of the United States Courts of Appeal had established no fewer than six distinct interpretations of *Twombly*'s pleading standard.

than it paid to the males in the same division for substantially equal work, the performance of which required equal skill, effort, and responsibility, and which were performed under similar working conditions. Defendant certainly knows that the Disaster Recovery Division was dissolved in the spring of 2011, a little over two years later. Further, as Defendant also knows, this matter has proceeded through a lengthy EEOC Investigation in which Defendant fully participated, providing additional information, including identifying male comparators and salaries. It is not necessary for the EEOC to include the names and salary amounts of these third party current and former employees in any public filing with the District Court; indeed, such private information is generally precluded by the Local Rules.

Defendant cites three EPA District Court cases in the Fifth Circuit at page 4 of its memorandum, two of which were brought by pro se Plaintiffs (*Trevino-Garcia* and *Carey*). None of these cases resulted in a dismissal, but the Court did require the Plaintiff to provide a more definite statement, generally within fourteen days of the Court's decision. Here, the EEOC is prepare to provide the third party names, salaries and dates of employment in an Amended Complaint if the Court deems such pleading to be necessary to ensure Defendant is not later surprised. Preferably, Defendant's motion to dismiss under FED. R. CIV. P. 12(b) should be denied.

## II. The EEOC Has Standing to Seek Injunctive Relief.

The EEOC's enforcement powers are intended to supplement, rather than to supplant, an aggrieved individual's right to maintain a private action under Title VII. *General Telephone Co. v. EEOC,* 446 U.S. 318, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980). The EEOC is not merely a proxy for individual victims of discrimination; rather, the EEOC is guided by "the overriding public interest in equal employment opportunity ... asserted through direct Federal enforcement."

*EEOC v. Goodyear Aerospace Corp*., 813 F.2d 1539, 1543 (9th Cir. 1987); *General Telephone Co. v. EEOC,* 446 U.S. 318, 100 S.Ct. 1698, 64 L.Ed.2d 326 (1980). When the EEOC acts, although at the request of and for the benefit of specific individuals, it acts to "vindicate the public interest in preventing employment discrimination." *Id.* at 318. In this case, the EEOC fulfills two separate roles: First, it seeks monetary relief on behalf of Ms. Bosquez, and Second,

> [I]t seeks injunctive relief in its role to protect the public interest in preventing employment discrimination. Courts across the nation are in agreement that the EEOC may pursue an action for injunctive relief even when the employee on whose behalf the injunction is sought is precluded from seeking further relief.

*E.E.O.C. v. Luce, Forward, Hamilton & Scripps*, L.L.P. 122 F.Supp.2d 1080, 1088 (CD CA 2000) (reversed on other grounds at 345 F.3d 742 (9th Cir. 2003)). In *Gilmer v. Interstate/Johnson Law Corp*., 500 U.S. 20, 32 (1991) the court reasoned that an injunction is the proper remedy when the EEOC seeks to protect public rights. *See* also in *EEOC v. Kimberly-Clark Corp*., 511 F.2d 1352, 1361 (6th Cir.), *cert. denied*, 423 U.S. 994, 96 S.Ct. 420, 46 L.Ed.2d 368 (1975) recognizing that the EEOC sues to vindicate the public interest.

Here, Defendant argues that Ms. Bosquez is not subject to "any real and immediate threat" to suffer future injury. (Defendant Memorandum at page 6) However, the EEOC has a broader, public concern for other women employed now or in the future by Defendant. The injunction sought by the EEOC is intended to protect women from present and future discrimination by the same decision makers who harmed Ms. Bosquez. Defendant's motion that the EEOC lacks standing should be denied.

### III. The EEOC's Claim for Injunctive Relief is Not Moot.

Defendant alleges, "all money, contracts, leases, rights, and obligations of the Texas Department of Rural Affairs are transferred to the Office of Rural Affairs in the Department of

Agriculture." (Defendant's Memorandum at page 2) Left unstated and to be determined through discovery, but presumably, the same decision makers who harmed Ms. Bosquez have also been transferred to the Department of Agriculture. As Defendant correctly states, "The test of mootness in a case asking for injunctive relief is whether the injury is continuing or is likely to be repeated." (Defendant's Memorandum at page 7, quoting *Sw. Bell Tele. Co. V. Comm. Workers of Am., AFL-CIO*, 454 F.2d 1333, 1334 (5th Cir. 1971) (granting an injunction against union picketing when the parties were contractually obligated to arbitrate)) Here, the EEOC is not requesting a preliminary injunction but as part of its general request for relief, after the completion of discovery and after trial, the Court may agree that an injunction is warranted. Defendant's motion to dismiss this claim for relief under FED. R. CIV. P. 12 is premature and should be denied.

**IV.  Defendant Should have Moved to Substitute Party.**

Seven years ago, this same Defendant in this same Court, in a Title VII case where the named employer, a State agency, had later merged into another State Department, Defendant made a "Motion to Substitute Party." *Pfau v. Texas Department of Assistive and Rehabilitive Services* 2005 WL 1995085 n. 15 (WD TX 2005) Since Defendant has not elected to take this simple course of action, the EEOC has done so. The EEOC Motion to Substitute Party, to substitute the Department of Agriculture and change the style of the case to EEOC v. Department of Agriculture, is a companion to this response memorandum to Defendant's motion to dismiss.[4]

**V.  Conclusion.**

Plaintiff's Complaint need only comply with the requirements of FED. R. CIV. P. 8(a). That is, the complaint need only contain a "short and plain statement of the claim, showing that

---

[4] Defendant was invited to join in making this motion to substitute but counsel for Defendant was unable to take a position on a motion to substitute.

Plaintiff is entitled to relief." *Swierkiewicz, supra.* Because the Complaint filed in this case contains a "plausible" claim under *Twombly* as interpreted by the Fifth Circuit; and because the Supreme Court has explicitly ruled that a complaint need not contain facts establishing a *prima facie* case, Defendant's Motion to Dismiss should be denied. Further, the EEOC has standing in the public interest to seek an injunction and Defendant's reorganization of its agencies and departments does not render the EEOC's request for an injunction moot.

WHEREFORE, the EEOC respectfully requests that Defendant's Motion to Dismiss be denied.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

JUDITH G. TAYLOR
Supervisory Trial Attorney
Texas State Bar No. 19708300
E-mail: judith.taylor@eeoc.gov

/s/ Patrick M. Connor
_____
PATRICK M. CONNOR
Trial Attorney
Texas State Bar No. 24076165
E-mail: patrick.connor@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
San Antonio Field Office

5410 Fredericksburg Road, Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7636
Facsimile: (210) 281-7669

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

This is to certify that on the 21st day of October 2011, the foregoing document was electronically transmitted to the Clerk of the Court using the ECF System which will send notification of such to the following Counsel of record:

>Darren G. Gibson
>Assistant Attorney General
>General Litigation Division – 019
>P.O. Box 12548, Capitol Station
>Austin, Texas 78711

>/s/ Patrick M. Connor
>_____
>PATRICK M. CONNOR