# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | Civ. Action No. 1:11-cv-827-LY |
| *Plaintiff,* | § § | |
| v. | § § | |
| TEXAS DEPARTMENT OF RURAL AFFAIRS, | § § § | |
| *Defendant.* | § | |

## DEFENDANT'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO DISMISS

TO THE HONORABLE LEE YEAKEL:

Defendant Texas Department of Rural Affairs ("TDRA"), by and through its undersigned attorney, files this reply brief in further support of its Motion to Dismiss (Dkt. # 6), and respectfully shows the Court as follows:

## I.  INTRODUCTION

Based on its response, the EEOC would have this Court hold that the EEOC is not subject to the same rules and requirements as all other litigants in federal court. The EEOC apparently believes that its pleadings can survive based solely on recitals of the elements of a cause of action and conclusory statements, whereas all other litigants must allege enough *facts* to state a claim that is plausible on its face. Likewise, the EEOC apparently believes it is immune from the strict requirement of standing to establish Article III jurisdiction, such that it may seek injunctive relief regardless of whether it alleges any real and immediate threat of harm. The EEOC is incorrect on both counts.

## II. ARGUMENT

### A. The EEOC Fails To Identify The Purported Male Comparators.

Although the EEOC recognizes the correct pleading standard under Rule 8 following the *Twombly* and *Iqbal* decisions, it seeks to avoid application of that standard to its complaint in this case. It is true that, to withstand a challenge under Rule 12(b)(6), a plaintiff "need not plead a *prima facie* case, but she must provide grounds demonstrating an entitlement to relief that are more than 'labels and conclusions, and a formulaic recitation of the elements of a cause of action.' She must plead 'enough facts to state a claim to relief that is plausible on its face." *Dark v. Potter*, 293 Fed. Appx. 254, 258 (5th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[1] As the Court in *Iqbal* made clear, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* This "plausibility" standard applies to all claims, including claims of employment discrimination. *Dark*, 293 Fed. Appx. at 258.

As numerous courts in this circuit have made clear, this plausibility standard for an Equal Pay Act claim requires allegations of the specific individuals of the opposite sex who made more money for substantially equal work. *See Wiltz v. Christus Hosp. St. Mary*, No. 1:09–CV–925, 2011 WL 1576932, at *7 (E.D. Tex. Mar. 10, 2011); *Sherrod v. Prairie View A & M Univ.*, Civ. A. No. H-10-1858, 2011 WL 843936, at *9 (S.D. Tex. Mar. 8, 2011); *Trevino-Garcia v. Univ. of*

---

[1] The EEOC's reliance on *Swierkiewicz* is unavailing as it involved application of a heightened pleading standard. The *Twombly* Court recognized that in *Swierkiewicz*, the Supreme Court "reversed on the ground that the Court of Appeals had impermissibly applied what amounted to a heightened pleading requirement by insisting that Swierkiewicz allege 'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief. Here, in contrast, we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (citations omitted).

*Tex. Health Science Ctr.*, Civ. A. No. SA-09-CA-072-XR, 2009 WL 5195962, at *3 (W.D. Tex. Dec. 21, 2009); *Carey v. State of La.*, Civ. A. No. 00-2657, 2001 WL 1548962, at *7 (E.D. La. Dec. 5, 2001). Similarly, the Third Circuit has recognized that failure to identify appropriate comparators in an Equal Pay Act case is grounds for dismissal. *See Delprato v. Day Chevrolet Inc.*, 427 Fed.Appx. 86, 88-89 (3d Cir. 2011) (affirming dismissal of Equal Pay Act claims where male plaintiff failed to identify females who allegedly were paid more).

Plaintiff has offered no authority to rebut this pleading requirement. Instead, the EEOC argues that it does not have to plead a *prima facie* case. By citing to the elements of an Equal Pay Act claim, Defendant did not mean to suggest that the EEOC must plead facts conclusively establishing every element of a *prima facie* Equal Pay Act claim. Rather, as the cases cited above hold, the EEOC must plead a "plausible" Equal Pay Act claim. The fundamental element of such a claim is that Ms. Bosquez was paid less than her male colleagues for equal work. For that claim to be plausible, the EEOC must identify those male colleagues who allegedly received higher wages for substantially equal work. Otherwise, the EEOC's allegations are just "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 570.

The EEOC recognizes that the cases cited by Defendant require a plaintiff asserting an Equal Pay Act claim to identify employees of the opposite sex who make more for equal work.[2] Moreover, the EEOC purportedly stands ready to amend its complaint to include those requisite facts to state a plausible claim. However, the EEOC "prefers" that the Court disregard the applicable pleading standard and allow its flawed pleadings to stand as is.[3] The TDRA

---

[2] The EEOC suggests these cases should be ignored because some involve *pro se* litigants. EEOC Resp. at 4. However, the fact that pro se litigants were required to plead these facts actually strengthens the application of those cases here, since courts apply "less stringent standards to parties proceeding pro se than to parties represented by counsel and liberally construe the briefs of pro se litigants." *Sanders v. Barnhart*, 105 Fed. App'x 535, 536 (5th Cir. 2004).

[3] Dkt. # 8, EEOC's Resp. at 4.

respectfully suggests that the Court decline the EEOC's invitation to establish a different standard for its pleadings.

B. **The EEOC Lacks Standing To Seek Injunctive Relief.**

There can be no dispute that EEOC "bears the burden of establishing" standing to seek the requested relief. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Society of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1285 (5th Cir. 1992). Nor can the EEOC dispute that it must show a "real and immediate threat" of a similar injury in the future to establish standing to seek a permanent injunction against the TDRA. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983). The elements of standing, including this real and immediate threat, must be established by the specific facts alleged in the complaint. *See Raines v. Byrd*, 521 U.S. 811, 818-19 (1997) (citing *Allen v. Wright*, 468 U.S. 737, 751 (1984)). And despite the EEOC's invocation of its regulatory function, its public role does not render it immune from "strict compliance with this jurisdictional standing requirement" applicable to all litigants. *Raines*, 521 U.S. at 819; *see also U.S. E.E.O.C. v. E.I. Du Pont de Nemours & Co.*, No. Civ.A. 03-1605, 2005 WL 1630815, at *2-*3 (E.D. La. Jan. 4, 2004) ("EEOC has not demonstrated that Barrios is in danger of discrimination from DuPont in the future.").

And yet the EEOC's complaint fails to include a single fact that would suggest any real and immediate threat to either Ms. Bosquez or any other female employee of the TDRA. There are no allegations regarding Ms. Bosquez's current employment status, the employment status of "the same decision makers who harmed Ms. Bosquez," or any policy or procedure of the TDRA (or any other state agency) that would otherwise constitute a real and immediate threat to female employees. In short, the EEOC has not alleged facts establishing standing to seek injunctive relief in this case.

### C. The EEOC's Claim For Injunctive Relief Is Moot.

As to mootness, the EEOC has conceded that the TDRA no longer exists,[4] but it somehow presumes that discovery will show that "the same decision makers who [allegedly] harmed Ms. Bosquez have also been transferred to the Department of Agriculture."[5] However, the EEOC has refused to include in its complaint any allegations regarding the current employment status of Ms. Bosquez or the alleged decision makers. Nor does the EEOC's pending motion to substitute the Texas Department of Agriculture cure this defect, since that motion likewise fails to include any allegations that would indicate there is a live controversy regarding the compensation practices at the Texas Department of Agriculture.[6]

Based on the allegations in the complaint, combined with the uncontroverted fact that the TDRA was dissolved as of October 1, 2011, the EEOC's claim for injunctive relief is moot. Should the Court find that the mootness issue involves a question of fact improper for disposition on a motion to dismiss, the TDRA respectfully requests that the Court grant its motion based on the other stated grounds.

### III. CONCLUSION

For the foregoing reasons and for the reasons stated in its opening brief, the Texas Department of Rural Affairs respectfully requests that this Court grant this Motion to Dismiss and dismiss the EEOC's claims.

Dated: November 1, 2011 Respectfully submitted,

---

[4] Dkt. # 7, EEOC's Mot. to Substitute Party ¶ 1.
[5] Dkt. # 8, EEOC's Resp. at 6.
[6] *See* Dkt. # 7, EEOC's Mot. to Substitute Party. The TDRA has sought an extension to respond to the EEOC's motion to substitute and takes no position on that motion at the present time. *See* Dkt. # 9, D.'s Motion for Extension.

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

BILL COBB
Deputy Attorney General for Civil Litigation

DAVID C. MATTAX
Director of Defense Litigation

ROBERT B. O'KEEFE
Chief, General Litigation Division


/s/ Darren G. Gibson
**DARREN G. GIBSON**
Texas Bar No. 24068846
Assistant Attorney General
Office of the Attorney General
General Litigation Division -019
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX

***ATTORNEYS FOR THE TEXAS
DEPARTMENT OF RURAL AFFAIRS***

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was sent *via the Court's Electronic Notification System*, on November 1, 2011, to:

Patrick M. Connor
Robert A. Canino
Judith G. Taylor
Equal Employment Opportunity Commission
San Antonio Field Office
5410 Fredericksburg Rd., Suite 200
San Antonio, Texas 78229-3555
*Attorneys for Plaintiff*

    /s/ Darren G. Gibson_____
    DARREN G. GIBSON
    Assistant Attorney General