IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>and<br><br>UNITED STATES OF AMERICA,<br><br>      Plaintiffs,<br><br>v.<br><br>TEXAS DEPARTMENT OF AGRICULTURE<br><br>and<br><br>TEXAS GENERAL LAND OFFICE,<br><br>      Defendants. | Civil Action 1:11-cv-827-LY<br><br>Civil Action 1:12-cv-620-LY |

## COMPROMISE AND SETTLEMENT AGREEMENT

I.    INFORMATION AND BACKGROUND

1. These actions were brought by Plaintiffs, the Equal Employment Opportunity Commission ("EEOC") and the United States of America ("United States"), against the Texas Department of Agriculture ("TDA") and the Texas General Land Office ("GLO") (hereinafter collectively "Defendants"), as successors in interest to the now dissolved Texas Department of Rural Affairs ("TDRA"). Both the United States and the EEOC filed separate complaints, consolidated in the instant action for all purposes including trial, challenging the employment practices of the TDRA by specifically alleging that its pay policies discriminated against women. In its Complaint, the EEOC alleges that the TDRA discriminated against former TDRA

1

EXHIBIT A

employee Monica Bozquez Mota ("Mota") on the basis of her gender, in violation of the Equal Pay Act of 1963 ("EPA").

2. In its Complaint, the United States alleges that the TDRA discriminated against Mota and former TDRA employees Tina Lewis ("Lewis") and Dalinda Newby ("Newby") by engaging in policies that resulted in disparate compensation based upon their gender, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). The United States further alleges in its complaint that the TDRA engaged in retaliatory actions against all three former employees that resulted in the termination of Mota, Lewis, and Newby.

3. Through certain actions by the legislative and executive branches of the Texas state government, the Defendants were identified to assume certain functions and services of the TDRA. Defendants contend they had no control over any acts or omissions of the TDRA that support the factual allegations underlying the complaints filed by the EEOC and the United States (collectively the "Complaints") and deny those factual allegations. Both Defendants further deny any legal liability, as successors in interest, for any acts or omissions by the TDRA that form the basis of the factual allegations contained in the Complaints. The Plaintiffs do not allege that the TDA or the GLO committed any of the alleged violations or that they had any control over the TDRA. Rather, the Plaintiffs bring their allegations solely upon claims that the TDA and GLO are successors to the TDRA.

4. The EEOC, United States, TDA, and GLO (collectively the "Parties") desire to resolve and settle the claims and causes of action arising from or relating to the Actions. This Compromise and Settlement Agreement ("Agreement") resolves issues raised in the EEOC's Amended Complaint and the DOJ's Complaint. Accordingly, the Parties hereby agree as follows:

## II. STIPULATED FACTS

5. The Parties agree that this Court has jurisdiction over the subject matter of this action and the parties, that venue is proper, and that all administrative prerequisites to the filing of the Complaints have been met.

6. This Agreement, being entered with the consent of the parties, shall not be construed as either an admission of liability by the defendants, or a finding of a violation of any applicable federal or state law or regulation based upon the allegations contained in the Complaints.

## III. MONETARY RELIEF

7. Defendants, via the Texas Office of the Comptroller, agree to offer Mota, Lewis, and Newby a total monetary award in the amount of One Hundred Seventy-Five Thousand and 0/100 Dollars ($175,000.00). The monetary award shall consist of a backpay amount, subject to wage withholdings and other deductions. The Office of the Comptroller shall issue the appropriate tax forms to Mota, Lewis, and Newby reflecting the amount paid to each individual who accepts the offer of a monetary award. Such payment shall be made in accordance with the following:

> a. $58,333.34 representing back wages payable to Mota at an address to be provided to Defendants;
>
> b. $58,333.33 representing back wages payable to Lewis at an address to be provided to Defendants; and
>
> c. $58,333.33 representing back wages payable to Newby at an address to be provided to Defendants.

8. Defendants shall notify Mota, Lewis, and Newby of the individual relief being offered to them under the terms of this Agreement within fourteen (14) days of its entry by mailing, via certified mail with return receipt requested, a copy of the Notice Letter set forth in

3

Appendix A, a copy of the Release of Claims Form set forth in Appendix B, and a copy of this Agreement. The Notice Letter will advise Mota, Lewis, and Newby that in order to accept the individual relief offered to them, they must execute the Release of Claims Form and return it to the TDA and GLO by hand or certified mail within 45 days of their receipt of the Notice Letter, unless they can demonstrate good cause for their failure to do so. For any amounts classified as back pay, Defendants agree to cooperate with Mota, Lewis, Newby, and the Texas Employment Retirement System and to provide information that may be requested by the Texas Employment Retirement System in order to make any necessary fiscal adjustments. Neither the TDA nor the GLO represent that the status of the individuals' incomes or salaries can or will be adjusted to reflect the monetary payments contemplated by this Agreement. This Agreement and the offers contemplated by its terms are not conditioned upon successful adjustments by the Texas Employment Retirement System to the incomes or salaries of Bozquez, Mota, and Newby. Nothing in this Agreement shall preclude Bozquez, Mota, and Newby from attempting to make such adjustments with TERS outside of this Agreement.

9. A copy of the settlement checks and any accompanying transmittal documents shall be forwarded to the EEOC to the attention of Judith G. Taylor, Supervisory Trial Attorney, 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229, and to the United States to the attention of Amy Kurren, Trial Attorney, U.S. Department of Justice, Civil Rights Division, Employment Litigation Section, 950 Pennsylvania Avenue, NW, Patrick Henry Building, Room 4027, Washington, D.C. 20530.

IV. POLICIES AND PROCEDURES

10. Defendants hereby reaffirm their commitment to the maintenance of a workplace

4

environment free of discrimination and retaliation that complies with Title VII and the EPA. Defendants agree to maintain employment policies, practices, and procedures that comply with federal laws and regulations as well as applicable state laws, and to educate and train their employees with respect to their rights and obligations under federal and state non-discrimination laws.

11. By their signatures on this agreement, Defendants hereby acknowledge that they have developed and implemented anti-discrimination policies for their workplaces and that they commit to administer training to all employees on these policies in a timely manner.

12. In accordance with paragraph 10, the defendants provided anti-discrimination policies and training materials to counsel for the United States and the EEOC for comment. Neither the United States nor the EEOC will warrant that the current anti-discrimination policies or the written materials used for anti-discrimination training comply with federal civil rights laws. Further, the United States and the EEOC will neither supervise nor approve the implementation of the current anti-discrimination policies or written materials used for training by the defendants.

13. Both the United States and the EEOC enter into this agreement with the understanding that the TDRA no longer exists and, further, expressly reserve the right to initiate investigations, processes, and litigation of any other charges which may now be pending or may be brought in the future against Defendants, including any challenges to Defendants' current policies or processes as written or implemented. The United States and the EEOC also reserve their right to exercise their pattern or practice authority against Defendants under Section 707 of Title VII.

14. Since Defendants contend that they comply with the requirements of Title VII and the

EPA, and that they had no control over the factual allegations relating to the TDRA that form the bases of the Complaints; it is understood by the parties that Defendants will not use, refer to or rely upon this Agreement as evidence of alleged compliance with any Federal law or in defense of any action to enforce any Federal law. Likewise, the Plaintiffs will not use, refer or rely upon this Agreement as evidence of an alleged failure to comply with any Federal law or in support of any matters commenced in the future. The parties agree that this Agreement sets no precedent for other matters commenced by the United States or the EEOC involving other state agencies or offices in Texas.

V.   MISCELLANEOUS

15. The parties shall attempt to resolve informally any dispute that arises under this Agreement and will make good faith efforts to do so prior to seeking judicial resolution.

16. The terms of this agreement shall be binding upon the parties' successors and assigns as to the issues resolved herein.

17. The Parties shall bear their own costs, expenses, and attorneys' fees in these Actions, except that the parties shall retain the right to seek costs for any matter which, in the future, may arise from this Agreement and require resolution by this Court.

18. If any provision of this Agreement is found to be unlawful, only the specific provision in question shall be affected, and the other provisions will remain in full force and effect.

19. This Agreement shall become effective upon its entry by the Court. Any modifications to this Agreement must be mutually agreed upon and memorialized in a writing signed by the Parties.

20. By signing this Agreement, each party stipulates to the dismissal of the subject, consolidated litigation, including the EEOC Lawsuit (1:11-cv-827-LY) and the United States Lawsuit (1:12-cv-620-LY) upon compliance of the relief described herein.

<div style="columns:2">

*For Plaintiff Equal Employment Opportunity Commission:*

P. DAVID LOPEZ
General Counsel
JAMES L. LEE
Deputy General Counsel
GWENDOLYN YOUNG REAMS
Associate General Counsel

By: /s/ Robert A. Canino w/permission
ROBERT A. CANINO       by Judith Taylor
Regional Attorney
Oklahoma State Bar No. 011782

JUDITH G. TAYLOR
Supervisory Trial Attorney
Texas State Bar No. 19708300
judith.taylor@eeoc.gov

PATRICK M. CONNOR
Trial Attorney
Texas State Bar No. 24076165
patrick.connor@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Antonio Field Office
5410 Fredericksburg Road, Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7636
Facsimile: (210) 281-7669

**Attorneys for Plaintiff Equal Employment Opportunity Commission**

*For Defendant Texas Department of Agriculture:*

OFFICE OF THE ATTORNEY GENERAL
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, TX 78711-2548

By: /s/ Drew Harris
DREW HARRIS
State Bar No. 24057887
Attorney-in-Charge
Assistant Attorney General

**Attorney for Defendant Texas Department of Agriculture**

*For Defendant Texas General Land Office:*

BEATTY BANGLE STRAMA P.C.
400 West 15th Street, Suite 1450
Austin, TX 78701
(512) 879-5050
(512) 879-5040 (Fax)

By: /s/ Matthew R. Beatty
Matthew R. Beatty
State Bar No. 24001169
Brian C. Potter
State Bar No. 24065921

**Attorneys for Defendant Texas General Land Office**

</div>

*For Plaintiff United States of America:*

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

By: _____
DELORA L. KENNEBREW (GA Bar No. 414320)
Chief
Employment Litigation Section

_____
AUDREY WIGGINS (DC Bar No. 461662)
Deputy Chief
Audrey.Wiggins@usdoj.gov

_____
AMY M. KURREN (CA Bar No. 270423)
BRIAN MCENTIRE (VA Bar No. 48552)
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
950 Pennsylvania Avenue, NW
Patrick Henry Building, Room 4238
Washington, DC 20530
Amy.Kurren@usdoj.gov
Telephone: (202) 305-7416
Facsimile: (202) 514-1005

ROBERT PITMAN
United States Attorney

ZACHARY C. RICHTER (TX Bar No. 24041772)
Assistant United States Attorney
United States Attorney's Office
Western District of Texas
816 Congress Avenue, Suite 1000
Austin, TX 78701
Telephone: (512) 370-1254

**Attorneys for Plaintiff United States of America**

## APPENDIX A

## NOTICE LETTER

Re: *United States v. Texas Department of Agriculture and Texas General Land Office; Equal Employment Opportunity Commission v. Texas Department of Agriculture and Texas General Land Office*

Dear          :

A Compromise and Settlement Agreement has been entered settling complaints of employment discrimination and retaliation filed by the United States and the EEOC against the Texas Department of Agriculture ("TDA") and the Texas General Land Office ("GLO").

Under the terms of the agreement entered on _____, 2012, in the case of *United States of America v. Texas Department of Agriculture and Texas General Land Office*, Civil Action No. 1:12-CV-620-LY (Western District of Texas, Austin Division) and *Equal Employment Opportunity Commission v. Texas Department of Agriculture and Texas General Land Office*, Civil Action No. 1:11-CA-827-LY (Western District of Texas, Austin Division), you are being offered certain relief as settlement for your claims under Title VII and the Equal Pay Act.

As a monetary award, you are being offered back pay in the amount of $58,333.34.

This relief is being offered to you on the following condition: if you accept the relief, the TDA and GLO will require you to release them from all employment discrimination claims you may presently have against it under Title VII on the basis of sex discrimination in compensation or retaliation, or under the Equal Pay Act, arising out of this case and pending EEOC charges. If you decline the relief, the TDA and the GLO will nevertheless have satisfied its obligation to the United States and the EEOC pursuant to the Compromise and Settlement Agreement in the above-captioned cases and the United States and the EEOC will not seek additional relief for you.

In order to obtain the offered relief, or any part of it, you must complete and return the enclosed Release and Election forms. The Release must be signed in the presence of a notary public and thereafter notarized.

If you accept the offered relief, the TDA and the GLO will send you the appropriate monetary award within 14 calendar days of its receipt of your Release. The TDA and the GLO also will send you appropriate IRS forms with respect to the monetary award.

10

IF YOU FAIL TO SUBMIT THE RELEASE AND ELECTION FORM, AS DIRECTED IN THIS LETTER, WITHIN 45 CALENDAR DAYS FROM YOUR RECEIPT OF THIS LETTER, YOU WILL FORFEIT YOUR RIGHTS TO ANY MONETARY OR OTHER RELIEF UNDER THE COMPROMISE AND SETTLEMENT AGREEMENT ABSENT A SHOWING OF GOOD CAUSE.

A copy of the Compromise and Settlement Agreement is enclosed. If you have any questions concerning this settlement, you may contact Amy Kurren, attorney for the United States Department of Justice, at (202) 305-7416, or Judi Taylor, attorney for the Equal Employment Opportunity Commission, at (210) 281-7637.

Sincerely,

Drew Harris
Attorney for the Texas Department of Agriculture

Matthew R. Beatty
Attorney for the Texas General Land Office

Enclosures

APPENDIX B

RELEASE

*United States v. Texas Department of Agriculture and Texas General Land Office; Equal Employment Opportunity Commission v. Texas Department of Agriculture and Texas General Land Office*

For and in consideration of a lump sum payment in the amount of $58,333.33 by the Texas Department of Agriculture ("TDA") and the Texas General Land Office ("GLO") pursuant to the provisions of the Compromise and Settlement Agreement entered by the Honorable Lee Yeakel, United States District Judge, on _____, 2012, in *United States of America v. Texas Department of Agriculture and Texas General Land Office*, Civil Action No. 1:12-CV-00620-LY (Western District of Texas, Austin Division) and *Equal Employment Opportunity Commission v. Texas Department of Agriculture and Texas General Land Office*, Civil Action No. 1:11-CA-827-LY (Western District of Texas, Austin Division), I, Monica Bosquez Mota, hereby release and forever discharge the TDRA, the TDA and the GLO, and their past, current and future officials, employees and agents, of and from all legal and equitable claims of employment discrimination that arise out of or relate to the subject matter of the lawsuits referenced hereinabove and which accrued prior to the execution of this release.

I understand that the relief granted to me in consideration for this Release does not constitute an admission by the TDRA, the TDA or the GLO of the validity of any claim raised by me or on my behalf.

I agree that I am solely responsible for all personal tax obligations and retirement contributions relating to the consideration paid under this agreement and that I will INDEMNIFY AND HOLD HARMLESS the TDA and the GLO, and their successors and assigns from any claims relating to or arising from my failure to pay any personal tax obligations relating to the payment under this agreement.

This Release constitutes the entire agreement between the TDA and the GLO and me, without exception or exclusion. I acknowledge that a copy of the Compromise and Settlement Agreement in this action has been made available to me.

**I HAVE HAD THE OPPORTUNITY TO REVIEW THIS RELEASE WITH THE ASSISTANCE OF COUNSEL OF MY OWN CHOOSING AND UNDERSTAND THE CONTENTS THEREOF AND I EXECUTE THIS RELEASE OF MY OWN FREE ACT AND DEED.**

Date: _____        _____


Subscribed and sworn to before me this ____ day of _____, 2012.

12

---
Notary Public

My commission expires: _____

ELECTION FORM

Please complete by checking the appropriate response to the following:

\_\_\_\_\_ I hereby accept the monetary award totaling $\_\_\_\_\_ contained in the Compromise and Settlement Agreement in *United States of America v. Texas Department of Agriculture and Texas General Land Office*, Civil Action No. 1:12-CV-00620-LY (Western District of Texas, Austin Division) and *Equal Employment Opportunity Commission v. Texas Department of Agriculture and Texas General Land Office*, Civil Action No. 1:11-CA-827-LY (Western District of Texas, Austin Division).

\_\_\_\_\_ I decline the award.

Date_____ Signature: _____

TO RECEIVE THE AWARD, YOU ALSO MUST COMPLETE AND RETURN THE ENCLOSED RELEASE. FAILURE TO RETURN BOTH FORMS WITHIN 45 CALENDAR DAYS MAY RESULT IN YOUR FORFEITURE OF THE AWARDS UNLESS GOOD CAUSE IS SHOWN FOR YOUR FAILURE TO DO SO.

RETURN THE COMPLETED FORMS IN THE ENCLOSED ENVELOPE ADDRESSED TO:
Drew Harris
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, TX 78711-2548